PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAQUAN WILLIAMS,

        Plaintiff,

v.

TODD BAXTER, CORPORALE STRANZ,
COUNTY OF MONROE,

        Defendants.

**DECISION AND ORDER**

22-CV-6117-EAW

---

*Pro se* plaintiff Jaquan Williams ("Plaintiff"), an inmate currently confined at the Attica Correctional Facility, filed a complaint asserting claims under 42 U.S.C. § 1983, alleging that, while he was a pretrial detainee at the Monroe County Jail ("MCJ"), MCJ staff failed to protect him from assault by other inmates. (Dkt. 1). Plaintiff also submitted an application to proceed *in forma pauperis* with a signed authorization. (Dkt. 2). The Court granted Plaintiff's application, reviewed his complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismissed his claims with leave to amend. (Dkt. 5).

Plaintiff filed an amended complaint. (Dkt. 6). For the reasons that follow, Plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity,

or an officer or employee of a governmental entity, if the Court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1)-(2). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend pleadings may be denied when any amendment would be futile.  See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I.    **THE AMENDED COMPLAINT**

In evaluating a complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor.  See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff has sued Monroe County Sheriff Todd Baxter ("Baxter"), Corporal Stranz ("Stranz"), and Monroe County (the "County") (collectively "Defendants") for failing to protect him from assault. Plaintiff's original complaint, which he has attached to his amended complaint, alleges that in December 2021, he alerted MCJ staff that because he does not "gang bang" and is not affiliated with a gang, he "always [has] a problem in the main frame" and he should be confined in a different area. (Dkt. 1 at 11). Plaintiff asserts he told staff "ahead of time" because he suspected gang members would be violent toward him and he wanted to avoid trouble. (*Id.* at 12). His request was acknowledged and staff stated that his request would be considered. (*Id.* at 11). Nonetheless, Plaintiff was assaulted, resulting in a dislocated shoulder and a fractured orbital bone, presumably while housed in the main frame. (*Id.* at 5).

Plaintiff's amended complaint alleges Defendants' "[i]ntentional negligence of [his] safety resulted in physical assault which led to [his] shoulder being dislocated and hospitalized with a fractured orbital bone on the left side of [his] face." (Dkt. 6 at 5).

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

3

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A. Failure to Protect

Plaintiff's initial pleading alleged that he informed MCJ staff he would be in danger of assault if confined in the "main frame." (Dkt. 1 at 11-12). MCJ staff acknowledged Plaintiff's request to be detained in another part of the jail but placed him in the main frame, which Plaintiff alleges, disregarded his concerns for his safety. (*Id.* at 5, 11).

The Court directed Plaintiff that, upon repleading, he must identify the specific government official defendants whom he alleges violated his Fourteenth Amendment rights and must allege facts that show how each specific defendant knew or should have known Plaintiff was in danger and either intentionally placed him in harm's way or recklessly failed to act with reasonable care to mitigate the risk that Plaintiff would be harmed. (Dkt. 5 at 6).

The allegations set forth in the amended complaint are again too sparse to state a cognizable claim for failure to protect. In the Court's previous screening order, the Court cautioned Plaintiff that allegations in an amended complaint "must plausibly allege facts

indicating that each defendant knew or should have known the plaintiff was in danger and how each defendant either acted intentionally to impose the alleged condition or recklessly failed to act with reasonable care to mitigate the risk." (*Id.*). Here, Plaintiff asserts, in wholly conclusory fashion, that Defendants' "[i]ntentional negligence of [his] safety resulted in physical assault which led to [his] shoulder being dislocated and hospitalized with a fractured orbital bone on the left side of [his] face." (Dkt. 6 at 5).

Accepting the exhibits attached to Plaintiff's amended complaint as part of the pleading, *see Cooper v. Dennison*, No. 08-CV-6238 CJS, 2011 WL 1118685, at *1 (W.D.N.Y. March 24, 2011) (deeming documents "attached to the complaint or incorporated in it by reference" in assessing the sufficiency of the complaint), Plaintiff shows that he alerted MCJ staff that, because he does not "gang bang," he does better as an inmate in a tower rather than the "main frame" (Dkt. 6-1 at 11). The document further shows that on December 15, 2021, staff acknowledged his concern and would consider it. (*Id.*). The amended complaint does not allege and the attached documents do not show that Stranz or Baxter knew of a risk to Plaintiff's safety. Even incorporating the allegations in the complaint, Plaintiff alleges that he had written "multiple inmate communication forms" to Stranz (Dkt. 6-1 at 10), but the only example of a such a form attached to the complaint and amended complaint states only that Plaintiff "always [has] a problem in the main frame" because he is not affiliated with a gang (Dkt. 6-1 at 11). The pleading also does not allege sufficient facts from which the Court can infer that Stranz or Baxter acted intentionally to assign Plaintiff to a cell or location that would expose him

to danger or recklessly failed to act with reasonable care to mitigate the risk that he would be assaulted by gang members.

The amended complaint suffers the same deficiency as the complaint and Plaintiff's failure to protect claim is therefore subject to dismissal for failure to state a claim. *See Taylor v. NYCDOC*, No. 19-CV-4874(EN)(VST), 2020 WL 4738270, at *3 (E.D.N.Y. Aug. 12, 2020) (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) where the plaintiff asserted "no new facts in his amended pleadings").

### B. Claims against Monroe County

Plaintiff sues Defendants in their individual and official capacities. (Dkt. 6 at 2). The Court previously dismissed the official capacity claims against the individual defendants who are officials or employees of the MCJ or Monroe County Sheriff's Office as redundant of Plaintiff's claims against the County. (Dkt. 5 at 7). The Court permitted Plaintiff to amend his complaint to set forth allegations "that the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Monroe County." (*Id.*). Plaintiff's amended complaint does not allege any facts indicating that placing him at risk of assault or a failure to assign him a cell in the tower instead of the main frame was caused by or occurred pursuant to an official custom or policy of Monroe County.

Plaintiff has not plausibly alleged sufficient facts from which the Court can reasonably infer that an official custom or policy of Monroe County caused Plaintiff to be subjected to a denial of a constitutional right. Therefore, dismissal of Plaintiff's claims against Monroe County is warranted. *See Davis v. Cnty. of Erie*, No. 22-CV-554JLS(F),

2022 WL 18215866, at *7 (W.D.N.Y. Dec. 1, 2022) (denying leave to amend municipal liability claims where proposed amended complaint was "devoid of any allegations regarding the requisite policy, practice or custom"), *report and recommendation adopted*, 2023 WL 145581 (W.D.N.Y. Jan. 10, 2023); *Abascal v. Hilton*, No. 9:04CV1401(LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd sub nom. Abascal v. Jarkos*, 357 F. App'x 388 (2d Cir. 2009).

### III.  Leave to Amend

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). "When a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment. . . .'" *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978)).

After being apprised of the deficiencies in his complaint and put on "the plainest notice of what was required," Plaintiff has still not alleged any facts that plausibly state a claim for relief. *Denny*, 576 F.2d at 471. For these reasons, the Court denies another opportunity to amend.

### CONCLUSION

For the reasons set forth above, Plaintiff's claims are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court hereby certifies pursuant to

28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

                                                  ELIZABETH A. WOLFORD
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: August 29, 2023
               Rochester, New York